IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ronald Duckworth, | ) |
| Plaintiff, | ) |
| v. | ) No. 16 C 9283 |
| Enhanced Recovery Company, LLC, a Delaware limited liability company, | ) |
| Defendant. | ) Jury Demanded |

### COMPLAINT

Plaintiff, Ronald Duckworth, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Plaintiff resided here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Ronald Duckworth ("Duckworth"), was a citizen of the State of Illinois, residing in the Northern District of Illinois, who now resides in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed to Sprint for phone services, despite the fact that this debt had been

discharged in a bankruptcy in the Northern District of Illinois.

4. Defendant, Enhanced Recovery Company, LLC ("ERC"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, ERC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant ERC is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant ERC is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. On March 29, 2013, Mr. Duckworth and his wife filed a Chapter 13 bankruptcy petition in a matter styled In re: Duckworth, N.D. Ill. Bankr. No. 13-12976 and thereafter converted their bankruptcy to a Chapter 7 on April 3, 2015. Among the debts listed on the Duckworths' Schedule of Post-Petition Debts, that were included in the converted bankruptcy, was a debt he allegedly owed to Sprint, see, Schedule attached as Exhibit C.

8. Accordingly, on April 10, 2015, Sprint was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the

Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

9. Mr. and Mrs. Duckworth received a discharge of their debts on July 14, 2015, and on July 15, 2015, Sprint was sent, via electronic transmission, notice of this discharge by the Court, see, the Certificate of Service to the Discharge of Debtors, which is attached as Exhibit E.

10. Moreover, Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is in the files of the creditor and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services such as Lexis/Nexis' Banko.

11. Nonetheless, Defendant ERC sent Mr. Duckworth collection letters, dated June 8, 2016 and July 27, 2016, demanding payment of the Sprint debt he allegedly owed prior to the bankruptcy. Copies of these collection letters are attached as Group Exhibit F.

12. Defendant's violations of the FDCPA were material because, Defendant's continued collection communications after he had received his bankruptcy discharge made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code.

13. All of Defendant ERC's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt That Is Not Owed

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

17. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

18. Defendant ERC's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

21. Here, the bankruptcy and the notices issued by that court (Exhibits D and E) provided notice to cease communications and cease collections. By communicating

regarding this debt and demanding payment (Group Exhibit F), Defendant violated § 1692c(c) of the FDCPA.

22. Defendant ERC's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ronald Duckworth, prays that this Court:

1. Find that Defendant ERC's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Duckworth, and against Defendant, for actual and statutory damages;

3. Award Plaintiff his costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ronald Duckworth, demands trial by jury.

Ronald Duckworth,

By:/s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 27, 2016

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com